# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TYQUAN D. EVANS,** | Docket No.: 17-cv-2571 |
| Petitioner, | |
| v. | **OPINION** |
| **DAVID LEU, WARDEN, FCI FAIRTON,** | |
| Respondent. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Petitioner Tyquan Evans moves pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus vacating the sentence computation performed by the Bureau of Prisons ("BOP"). He specifically challenges the BOP's decision not to award him prior custody credit when calculating Petitioner's 92-month sentence for unlawful possession of a firearm. The Petition is **GRANTED**. Although the BOP previously determined that the period of April 22, 2014, to April 13, 2015, had been credited toward a sentence of "time served" in state court for violating probation, the record instead indicates that no custodial sentence was imposed for Petitioner's probation violations and that Petitioner has yet to receive credit for that time in state custody. Petitioner thus has a right under 18 U.S.C. 3585(b) to receive prior custody credit against his federal sentence. The BOP shall perform a new computation of Petitioner's sentence in line with the Court's findings.

## I. BACKGROUND

On April 22, 2014, Petitioner was arrested by New Jersey State Police and charged with unlawful possession of a firearm, distribution of heroin, three violations of probation, and several additional charges. Petitioner would remain in state custody until April 2015. On February 5, 2015, the state dismissed the charges in favor of federal prosecution. Kitka Decl., Ex. C. On February 25, 2015, Petitioner was "borrowed" from the state for an initial appearance in federal court before Magistrate Judge Steven C. Mannion. Judge Mannion committed Petitioner to state custody on the charge of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). ECF 15-cr-0356, No. 8.

On April 13, 2015, the state court held a hearing concerning three violations of Petitioner's state probation stemming from the same incident. Judge Donna Gallucio ordered that Petitioner's probation be terminated without improvement. Although the government contends that Petitioner received "time served" for the probation violations, Judge Gallucio's signed order and the hearing transcript state only that probation was "terminated without improvement" and that fines and penalties were to be reduced to a civil judgment. ECF No. 5, Ex. 1-2. No term of confinement was specified. The government submits three internal administrative documents indicating "time served" in handwritten notes, but, as Petitioner argues, these do not appear to be official court documents. *See* Resp. Opp'n to Pet., Exs. F, G, H.

On April 15, 2015, two days after the disposition of Petitioner's probation violations, Passaic County officials released Petitioner to federal authorities. On December 3, 2015, Petitioner pled guilty before the Court to unlawful possession of a firearm by a convicted felon. ECF No. 5, Ex. I. The Court sentenced Petitioner to a prison term of 92 months, to commence immediately. *Id*. Prior custody credit was awarded for April 14, 2015, through December 2, 2015, the period between commencement of federal proceedings and the date of Petitioner's federal sentencing. However, no credit was given against the federal sentence for Petitioner's previous time in state custody, running from his arrest on April 22, 2014, to his commitment to federal custody on April 14, 2015. Kitka Decl. ¶ 11.[1]

## II. DISCUSSION

Section 3585 states that a defendant "*shall* be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . ." 18 U.S.C. § 3585(b)(emphasis added). While the task of computing sentences belongs to the Bureau of Prisons, sentence computation—including the decision to award or not to award credit for prior custody—is reviewable by federal courts once administrative relief is exhausted. *United States v. Wilson*, 503 U.S. 329, 335-36 (1992); *Holloman v. Warden Fairton FCI*, 635 F. App'x 12, 14 (3d Cir. 2015) ("A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is available to a federal prisoner who seeks, as Holloman does, to challenge the execution of his sentence."); *United States v. Merritt*, 782 F. Supp. 12, 13 (D. Mass. 1992)(citing *United States v. Zackular*, 945 F.2d 423, 424 (1st Cir. 1991)).

Having exhausted his administrative remedies, Petitioner may now seek judicial review of his sentence computation. Petitioner contends that the BOP should have awarded him prior custody credit for time in state custody from April 22, 2014, to April 13, 2015. If the time was not credited against Petitioner's state sentence, then § 3585(b) affords Petitioner the right to receive credit for that time against his 92-month federal sentence.

---

[1] With eligible good-time credit, Petitioner's projected release date is currently December 18, 2021. *See* Kitka Decl., Ex. A.

Because the record indicates that the state court never imposed a custodial sentence, the Court cannot agree that Petitioner received credit for his time in state custody.

The crucial document here is titled Violation of Probation Disposition, signed by Judge Gallucio and dated April 13, 2015. *See* ECF 6, Ex. 2. The document, which uses the language of an official court order, lists seven methods for disposing of a probation violation. Judge Gallucio checked the boxes corresponding to "Probation is terminated without improvement," "Reduce fines/restitution to Civil Judgment," and "Vacate Probation Supervision fee and any non-mandatory fines." *Id.* Had Judge Gallucio intended to impose a sentence of time served, she would have checked the box for "Defendant is sentenced to New Jersey State Prison." *Id.* Importantly, that box was left blank. The Court finds this to be persuasive evidence that a sentence of time served was not imposed and that Judge Gallucio disposed of the matter by simply terminating Petitioner's probation. This is consistent with the transcript of Petitioner's sentencing hearing in which Judge Gallucio explicitly terminates Petitioner's probation but makes no mention to "time served" or any other custodial sentence. *See* ECF 6, Ex. 1.[2]

The government points to three untitled administrative documents on which "time served" appears in handwritten notes. Kitka Decl., Exs. F, G, H. As Petitioner argues, however, these are not official court documents, and certainly cannot predominate over an official order signed by the sentencing judge.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion for habeas relief is hereby **GRANTED**. Petitioner shall receive prior custody credit pursuant to 18 U.S.C. § 3585(b) for his time served in state custody from April 22, 2014, to April 13, 2015. The Bureau of Prisons shall compute Petitioner's sentence accordingly.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**November 21, 2017**

---

[2] At Petitioner's federal sentencing, the Court noted that Petitioner would "get credit" for his time served, but did not elaborate, as the responsibility for sentence computation falls to BOP. *See* Federal Sentencing Hearing Tr. 3:1-7.